USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE DAVID RAMOS,

            Plaintiff,

-v-

SIMON-RO CORPORATION,

            Defendant.

Case No. 06-CV-6105 (KMK)

OPINION AND ORDER

Appearances:

Terrence J. Cortelli, Esq.
Howard B. Stolzenberg, Esq.
Lever & Stolzenberg
White Plains, New York
*Counsel for Plaintiff*

Joseph A. D'Avanzo, Esq.
Charles C. De Martino, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
White Plains, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

    Plaintiff Jose David Ramos ("Plaintiff") brings this action based in defective design, negligent design, and failure to warn against Defendant Simon-Ro Corporation ("Defendant"), a manufacturer of cranes. Defendant moved for summary judgment on each of Plaintiff's claims. By Opinion and Order dated September 10, 2008, the Court granted Defendant's motion as to Plaintiff's failure-to-warn claim and denied its motion as to Plaintiff's other claims. Defendant has timely moved for reconsideration and reargument of the Court's denial of summary judgment as to Plaintiff's defective design and negligent design claims. For the reasons discussed below,

Defendant's motion is denied.

## I. Standard of Review

"A notice of motion for reconsideration . . . of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion . . . ." Local Civil Rule 6.3 (emphases omitted). "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." *Id.*

"The standard for granting a motion for reconsideration under Local Rule 6.3 is strict, so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Sampson v. Robinson*, No. 07-CV-6890, 2008 WL 4779079, at *1 (S.D.N.Y. Oct. 31, 2008) (internal quotation marks omitted). "A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.*, Nos. 06-CV-643, 07-CV-8686, 07-CV-8688, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008). "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Id.* (internal quotation marks omitted). In other words, "[r]econsideration is appropriate only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted).

## II. Discussion

Defendant fails to demonstrate that the Court overlooked controlling decisions or factual

matters that were put before it on Defendant's underlying motion for summary judgment.

### A. Evidence of Substantial Likelihood of Harm

Defendant argues that the Court "overlooked or misconstrued the evidence in the record in concluding that the boom opening presents a substantial likelihood of harm." (Def.'s Mem. in Supp. of Mot. for Recons. ("Def.'s Mem.") 3.) Of course, the Court reached no such conclusion, finding only that Plaintiff "presented enough admissible evidence *to raise a question of fact* as to whether the lack of guards on the inspection ports entailed a substantial risk of harm." *Ramos v. Simon-Ro Corp.*, No. 06-CV-6105, 2008 WL 4210487, at *11 (S.D.N.Y. Sept. 11, 2008) (emphasis added).

Defendant argues that the Court's use of the word "possibility" and its citation of deposition testimony using that word indicate that the Court "overlooked or misconstrued New York law's requirement that the Plaintiff present proof sufficient to establish the probability, not merely the possibility, of injury." (Def.'s Mem. 4-5.) This argument is without merit. The Court discussed at length the correct legal standard, "substantial likelihood of harm," and explicitly applied that standard. *See Ramos*, 2008 WL 4210487, at *8, 10-11.

Defendant disputes the Court's "intimation" that there is an issue of material fact as to the height of the boom opening, arguing that Plaintiff's employer's deposition testimony that the height has "got to be seven feet, maybe something like that, eight feet maybe even" is speculative and inadmissible because it was preceded by the statement "oh, *I don't know*." (Def.'s Mem. 6-7.) This argument is meritless. It is obvious that the witness had personal knowledge as to the height of the boom opening at the time of the accident, and that he said "oh, I don't know" in order to indicate that he was providing an estimate, and not a precise measurement.

3

### B. Proximate Cause

Defendant asserts that the Court overlooked Defendant's "argument that the Plaintiff's own negligent conduct was the sole proximate cause of the accident." (*Id.* 8.) The Court did not overlook this argument. Rather, the Court explicitly concluded that there was a genuine issue of material fact as to whether "the defective design was a substantial cause of the injury." *Ramos*, 2008 WL 4210487, at *11 (internal quotation marks omitted).

### C. Negligent Design Claim

Defendant argues that the Court "overlooked the need to place a direction in the Opinion that the negligent design claim is subsumed by the design defect claim and that they are not to be treated as separate claims at trial." (Def.'s Mem. 9.) The sole authority cited by Defendant on this issue is *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53 (S.D.N.Y. 2001), which Defendant contends "subsumed the negligence claim into the design defect, failure to warn and manufacturing defect claims." (Def.'s Mem. 9.) However, *Colon* never stated that plaintiffs' negligence claims were "subsumed" into their strict liability product defect claims. Instead, Judge Scheindlin recognized that the plaintiffs had advanced, inter alia, design defect claims on two distinct theories — negligence and strict liability — and stated that she would analyze both claims "under a single test." *Colon*, 199 F. Supp. 2d at 83. She concluded that plaintiffs' design defect claims failed as a matter of law, i.e., that defendant was entitled to summary judgment both as to plaintiffs' negligence theory and as to their strict liability theory. *See id.* at 92.

In any event, Defendant is mistaken that it is always improper to permit a plaintiff to claim both negligent design and strict liability design defect at trial. *See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 54, 62-63 (2d Cir. 2002) (finding no fundamental error in the trial court's

instruction that the jury could find liability on either or both theories, noting that "the New York Court of Appeals has held that negligence and strict liability provide distinct forms of relief in products liability," and that "the degree of overlap between negligence and strict liability for design defects is unsettled under New York law").[1] To the extent appropriate, the issue of whether Plaintiff should be permitted to pursue both theories at trial may be considered at a later date.

D. Findings of Fact

Finally, Defendant states that the Court's Opinion and Order gave the impression of adopting certain of Plaintiff's assertions as the Court's findings of fact, and requests that it be "modified to reflect that the Court has not made findings of fact as to where the Plaintiff was at the time of the accident and why he was there." (Def.'s Mem. 11-12.) As the Court noted, on a motion for summary judgment, it "must view all evidence in the light most favorable to the non-moving party," and "is not charged with weighing the evidence and determining its truth, but only with determining whether there is a genuine issue for trial." *Ramos*, 2008 WL 4210487, at *7. Defendant should rest assured that the Court did not decide any disputed issues of fact in favor of either Party.

---

[1] Courts continue to recognize the principle that negligence and strict liability, though "functionally synonymous" in the product defect context, *Denny v. Ford Motor Co.*, 662 N.E.2d 730, 735 (N.Y. 1995) (internal quotation marks omitted), are distinct grounds for liability under New York law. *See, e.g., Barrett v. Black & Decker (U.S.) Inc.*, No. 06-CV-1970, 2008 WL 5170200, at *12 (S.D.N.Y. Dec. 9, 2008) (noting that "the New York Court of Appeals has yet to affirmatively hold that negligence and strict liability have merged" and that "courts analyze both claims under a single test" (citing *Jarvis*)).

5

## III. Conclusion

For the reasons stated herein, Defendant's motion for reconsideration and reargument is denied. The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 39).

SO ORDERED.

Dated:    June 3, 2009
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (By ECF):

Howard B. Stolzenberg, Esq.
Lever & Stolzenberg
303 Old Tarrytown Road
White Plains, NY  10603
stolz5@aol.com

Terrence J. Cortelli, Esq.
Lever & Stolzenberg
303 Old Tarrytown Road
White Plains, NY  10603
terrence22@hotmail.com

Joseph A. D'Avanzo, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY  10604
joseph.davanzo@wilsonelser.com

Charles C. De Martino, Esq.
Wilson, Elser, Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY  10604
charles.demartino@wilsonelser.com